Page 1 of 11

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY SIMMONS,
    Plaintiff,

vs.                                                  Case No.:  3:20cv5730/LAC/EMT

CORIZON HEALTH SERVICES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Timothy Simmons (Simmons), a pre-trial detainee proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  The court screened the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, and determined that Simmons' factual allegations failed to state a plausible claim for relief (*see* ECF No. 8).  The court provided Simmons an opportunity to correct the pleading deficiencies by filing an amended complaint (*see id.*).

Simmons filed an amended complaint (ECF No. 10).  Upon review of Simmons' Amended Complaint, the court again determined that Simmons' factual allegations failed to state a plausible claim for relief (*see* ECF No. 11).  The court provided Simmons an opportunity to correct the pleading deficiencies by filing a second amended complaint (*see id.*).

Simmons' Second Amended Complaint is now before the court (ECF No. 13). Upon review of the Second Amended Complaint, it is apparent that Simmons' factual allegations still fail to state a plausible claim for relief. Therefore, the undersigned recommends dismissal of this case.

I.     SIMMONS' ALLEGATIONS AND CLAIMS

Simmons is currently an inmate of the Santa Rosa County Jail (*see* ECF No. 13 at 2).[1] His Second Amended Complaint concerns events that occurred at the Okaloosa County Jail (OCJ) (*see id.* at 5). Simmons names three Defendants, Corizon Health Services (the provider of medical care to inmates in the OCJ) and two Corizon employees working at the OCJ, Nurse Courtney and Nurse Vincent (*id.*). Simmons alleges he was booked into the OCJ on February 3, 2020 (*id.*). He alleges Nurse Courtney was the intake nurse and Nurse Vincent was the mental health care nurse (*id.*). Simmons alleges Nurse Courtney and Nurse Vincent evaluated him at intake and "denied mental health treatment," even though Simmons' records from a previous detention at the OCJ indicated he was previously treated for mental health conditions (*id.*). Simmons alleges he "repeatedly pleaded" for treatment for his mental health conditions (major depression, PTSD,

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 3:20cv5730/LAC/EMT

schizophrenia, hallucinations, homicidal thoughts, and suicidal thoughts) (*id.*). Simmons alleges after thirteen months in the OCJ, the "tele-psych" doctor "denied treatment" even though Corizon had received Simmons' mental health records from the Florida Department of Corrections (*id.*). Simmons alleges he suffered extreme mental distress and psychotic episodes as a result of the denial of mental health treatment (*id.*).

Simmons claims Defendants were deliberately indifferent to his serious need for mental health treatment (ECF No. 13 at 6). He seeks monetary damages "to cover cost of mental suffering and . . . future counseling and treatment" (*id.*).

II.   STATUTORY SCREENING STANDARD

Because Simmons is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," therefore, dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d

1390, 1393 (11th Cir. 1997). The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation marks and citation omitted). And "bare assertions" that

"amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation marks and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

III. DISCUSSION

    **A.    Simmons' Allegations Fail to State a Plausible Claim Against Any Defendant.**

Deliberate indifference to an inmate's serious medical needs violates the Fourteenth Amendment.[2] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on an Eighth Amendment deprivation of medical care claim, an inmate must prove three elements. First, the plaintiff must demonstrate "an objectively 'serious medical need,' one that, if left unattended, 'poses a substantial risk of serious harm,

---

[2] As the Eleventh Circuit has observed, although a pre-trial detainee's claim "technically arises under the Fourteenth Amendment because [he is a] pretrial detainee[] rather than [a] convicted prisoner[], it is evaluated under the same standard as a prisoner's claim of inadequate care under the Eighth Amendment." *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) (internal marks omitted). "The Eighth Amendment—and therefore the Fourteenth also—is violated when a jailer is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." *Id.* (internal marks omitted).

Case No.: 3:20cv5730/LAC/EMT

. . ." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting *Estelle*, 429 U.S. at 104; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citation omitted).

The second element requires the plaintiff to show that the defendant acted with "a subjective intent to punish." *Taylor*, 221 F.3d at 1258. To show the required subjective intent, a plaintiff must demonstrate that the defendant "acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). The official's response must have been so inadequate as to "constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law." *Id.* (quoting *Estelle*, 429 U.S. at 105–06)). The deliberate-indifference standard is akin to "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839–40; *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020).

To satisfy the final element of an Eighth Amendment deprivation of medical care claim, a plaintiff must show the official's deliberate indifference caused his injury. *Taylor*, 221 F.3d at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

"Failure to provide basic psychiatric and mental health care states a claim of deliberate indifference to the serious medical needs of prisoners." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). As the Eleventh Circuit has observed, "[t]he case law establishes that 'mental health needs are no less serious than physical needs' for purposes of the Eighth Amendment." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010) (quoting *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004)).

A private entity—like Defendant Corizon—providing medical care to inmates may be liable under § 1983 only if the alleged unconstitutional conduct is undertaken pursuant to that entity's policy or custom. *See Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997). Liability may also attach if the entity's final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997); *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 n.11 (11th Cir. 1991). And a private entity like Corizon may be held liable on the basis of ratification when a subordinate official makes an unconstitutional decision and that decision is then adopted by someone who has final policymaking authority. *See Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002).

Here, Simmons alleges only one interaction between himself and Nurses Courtney and Vincent, which occurred during his initial intake at the OCJ. Assuming as true Simmons' allegations that his records from a previous detention at the OCJ indicated he had previously received mental health treatment, and he "pleaded for treatment," these facts do not plausibly suggest that either Nurse Courtney or Nurse Vincent subjectively knew that Simmons faced a substantial risk of serious harm if he did not immediately receive mental health treatment, or that such a risk was obvious. Nor do the facts suggest that either nurse's conduct was more than mere negligence.

With respect to Corizon, even if Simmons did not receive mental health services for several months after intake, and then did not receive the treatment he desired from the "tele-psych" doctor, these facts do not plausibly suggest Corizon had an official policy or custom of not providing mental health services to inmates of the OCJ. Nor do these facts suggest a plausible basis for holding Corizon liable on an acquiescence or ratification theory.

The court has twice instructed Simmons on the legal standards for stating a plausible deliberate indifference claim against Corizon and its employees (*see* ECF Nos. 8, 11), yet Simmons still has not alleged facts that state a plausible claim for

relief against any Defendant. Simmons' claims are thus subject to dismissal under § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## B. Simmons' Requested Relief is Statutorily Barred.

The only relief requested by Simmons is monetary damages "to cover cost of mental suffering and . . . future counseling and treatment" (ECF No. 13 at 6).

Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The statute applies "regardless of the cause of action, or alleged misconduct, or source of law." *Hoever v. Marks*, 993 F.3d 1353, 1358 (11th Cir. 2021). Where a prisoner plaintiff alleges constitutional violations, he is prevented under § 1997e(e) from seeking compensatory damages in the absence of a physical injury. *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002).

The court previously advised Simmons of this statutory limitation on the recovery of compensatory damages for mental and emotional injury (*see* ECF Nos. 8, 11). In his Third Amended Complaint, the only relief he seeks is a monetary award "to cover the cost of mental suffering and . . . future counseling and treatment" caused by the alleged deprivation of mental health treatment (ECF No. 13 at 6). Simmons has not alleged he suffered any physical injury as a result of the alleged failure to provide mental health treatment. Therefore, Simmons' request for relief is statutorily barred.

IV.   CONCLUSION

Simmons' factual allegations fail to state a plausible claim for relief against any Defendant. Additionally, his claim for relief is statutorily barred. Therefore, the undersigned recommends that Simmons' claims be dismissed, pursuant to §§ 1915(e)(2)(B)(ii) and 1915(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.   That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this <u>4</u><sup>th</sup> day of February 2022.

                              */s/ Elizabeth M. Timothy*
                              **ELIZABETH M. TIMOTHY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:20cv5730/LAC/EMT